T.C. Summary Opinion 2021-9

UNITED STATES TAX COURT

JENNEVIEVE MARIE FLETCHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17307-19S.                    Filed May 10, 2021.

Jennevieve Marie Fletcher, pro se.

<u>Mariano R. Ardaya-Beecher</u>, <u>Michael E. D'Anello</u>, and <u>Erika B. Cormier</u>,

for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This deficiency case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for a Federal income tax deficiency of $3,992 for the taxable year 2016.  Petitioner invoked the Court's jurisdiction by filing a timely petition for redetermination under section 6213(a).  The sole issue remaining for decision is whether Social Security benefits paid to petitioner in 2016, and which she is obliged to repay to the Social Security Administration (SSA), are includable in her gross income for 2016.[2]

Background[3]

For a number of years before 2016 petitioner was eligible for and received Social Security disability benefits.  Her eligibility ended sometime in 2016 when she began to operate a business from home.  Petitioner received Social Security benefits totaling $15,322 in 2016.

---

[1]Section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the taxable year 2016, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.  Petitioner resided in Maine when the petition was filed.

[2]Respondent concedes that petitioner is not required to include nonemployee compensation of $1,983 in gross income for 2016.

[3]Some of the facts have been stipulated.

In 2016 or 2017 petitioner contacted the SSA and inquired whether she had been paid excess Social Security benefits in 2016. The SSA eventually concluded that petitioner was not entitled to most or all of the benefits that she had received in 2016, and in June 2020 petitioner began repaying the excess benefits through monthly payments of $100 to the SSA.

Petitioner filed a Federal income tax return for 2016 reporting net profits of $82,395 on Schedule C, Profit or Loss From Business, but she did not include the Social Security benefits that she received that year in gross income. Respondent subsequently examined petitioner's tax return and determined that she was obliged to include Social Security benefits of $13,024 in taxable income for 2016.

Discussion

Gross income generally includes all income from whatever source derived unless excluded by a specific provision of the Code. See sec. 61(a). The extent to which Social Security benefits (including disability benefits) are includable in a taxpayer's income is determined pursuant to a formula that takes into account the amount of the taxpayer's Social Security benefits, the amount of the taxpayer's other income, and the taxpayer's filing status. Sec. 86. For purposes of the computation contemplated by the formula, the amount of Social Security benefits a taxpayer receives during any taxable year is "reduced by any repayment made by

the taxpayer during the taxable year of a social security benefit previously received by the taxpayer (whether or not such benefit was received during the taxable year)." Sec. 86(d)(2)(A).

Petitioner contends that the Social Security benefits that she received in 2016 should be excluded from her gross income because she is obliged to repay those benefits to the SSA. As petitioner sees it, the Social Security benefits that she received in 2016 are tantamount to a nontaxable bank loan or cash advance.

Although we understand why petitioner might view the excess Social Security benefits as a loan or advance, the Code provides otherwise. Petitioner does not dispute that she received Social Security benefits in 2016 and, consequently, she must include those payments as income for that year to the extent provided in section 86. Petitioner's repayment in 2020 of Social Security benefits received in 2016 does not affect her 2016 tax liability.[4] Inasmuch as respondent properly computed petitioner's income tax deficiency in accordance with section 86, the deficiency must be sustained, and we so hold.

---

[4]As mentioned above, under certain circumstances income may be reduced for the year for which repayment of Social Security benefits occurs to account for the repayment of amounts taxed for an earlier year. See secs. 86(d)(2), 1341. Because our jurisdiction is limited to redetermining petitioner's tax liability for 2016, however, we have no occasion to consider whether or how sec. 86(d)(2) might affect petitioner's tax liability for later taxable years.

To reflect the foregoing,

Decision will be entered under

Rule 155.